**Barbara E. YEAGER, Movant.**

v.

**KENTUCKY BAR ASSOCIATION,
Respondent.**

No. 2002–SC–0639–KB.

Supreme Court of Kentucky.

Sept. 26, 2002.

---

*OPINION AND ORDER*

LAMBERT, Chief Justice.

Movant, Barbara E. Yeager, of Barbourville, Kentucky, seeks this Court to enter an order suspending her from the practice of law for thirty (30) days. Respondent, the Kentucky Bar Association (KBA), has no objections to this motion. For the reasons set forth below, we grant Movant's motion for suspension.

Movant agreed to represent an individual party in an action against an auto company based on a defective motor vehicle. Movant entered into a written retainer agreement with her client which provided that Movant would be paid a contingency fee of thirty-three and one-third percent (33⅓%) of any recovery, up to the filing of an answer by the defendant auto company, and forty percent (40 %) of any recovery thereafter.

Movant ultimately settled the matter with the defendant auto company. The settlement agreement provided that Movant's client would receive $3,500.00, would have his motor vehicle repaired, and attorney's fees and costs would be paid in the amount of $1,500.00. The agreement also provided that the client would release the auto company from any future liability.

As a fee for her legal work, Movant received $1,165.00 of the $3,500.00 settlement payment received by her client from the auto company per the above-mentioned retainer agreement. This fee represented one third of the settlement. Movant also retained the $1,500.00 in attorney's fees and costs, which the auto company agreed to pay in the settlement agreement. In addition, Movant had already received $1,705.00 of the $2,500.00 retainer fee from her client before the parties settled. When all of these separate fees are tallied, Movant was paid a total amount of $4,370.00 for her services, while her client only received $3,500.00.

Following Movant's acceptance of the aforementioned fees, a complaint was filed and the Inquiry Commission, pursuant to Supreme Court Rule (SCR) 3.190, charged Movant engaged in professional misconduct. The sole count of the Inquiry Commission's charge alleges Movant violated SCR 3.130–1.5(a), wherein it provides that "[a] lawyer's fee shall be reasonable."

Movant now brings a motion before this Court seeking suspension from the practice of law for thirty days. Movant readily admits that she did receive $4,370.00 for her legal services, which represented a contingency fee, a retainer fee, and attorney's fees and costs paid by the defendant auto company pursuant to a settlement agreement with her client. She further admits that the amount of the fee was not reasonable, and thus violated SCR 3.130–1.5(a). Additionally, Movant requested that she be allowed to retain $1,705.00, which represents the amount of the retainer fee received from the client. Respondent, the KBA, entered no objections to this motion and also requested that it be granted.

Considering that the KBA does not object to Movant's motion, we grant Movant's suspension motion. It is also the order of this Court that, by no later than January 1, 2003, Movant must return the amount of $2,665.00 to her client, which represents the $1,165.00 contingency fee and the $1,500.00 in attorney's fees received from the settlement agreement. Movant may retain the retainer fee of $1,705.00. Movant is to pay all costs related to these proceedings, which total $52.28. On Movant's failure to make the foregoing payments, the KBA may seek further relief.

Wherefore, we grant Movant's motion and order Movant's license to practice law in the Commonwealth of Kentucky be suspended for thirty days from the date of this order.

All concur.

ENTERED: September 26, 2002.

/s/ Joseph E. Lambert
Chief Justice